# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| **TEXAS DISPOSAL SYSTEMS, INC.,** | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | |
| | § | **CIVIL NO. A-18-CV-00701-RP** |
| **FCCI INSURANCE COMPANY AND** | § | |
| **ARCH SPECIALTY INSURANCE** | § | |
| **COMPANY,** | § | |
| *Defendants* | § | |
| | § | |

## O R D E R

Before this Court are Plaintiff's Opposed Motion to Compel Against Defendant Arch Specialty Insurance Company, filed on August 6, 2019 (Dkt. No. 41); Plaintiff's Request for Oral Argument on its Opposed Motion to Compel, filed on August 20, 2019 (Dkt. No. 50); Plaintiff's Motion to Permit Depositions After Discovery Deadline, filed on September 20, 2019 (Dkt. No. 56); and the parties' various response and reply briefs. On September 23, 2019, the District Court referred the above motions to the undersigned Magistrate Judge for resolution pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas ("Local Rules").

## I. Background

On August 17, 2018, Plaintiff Texas Disposal Systems, Inc. ("TDS") filed this breach of insurance contract lawsuit against its insurers FCCI Insurance Company ("FCCI") and Arch Specialty Insurance Company ("Arch") (collectively, "Defendants"). TDS contends that FCCI prematurely terminated its duty to defend TDS in an underlying wrongful death lawsuit brought against TDS. TDS also alleges that Arch, its secondary insurer, assumed the defense of the

underlying lawsuit but later refused to defend TDS in the lawsuit. Plaintiff's Complaint alleges breach of contract claims against both Defendants and additional claims against Arch, including violations of the Texas Insurance Code and the common-law duty of good faith and fair dealing and a request for declaratory judgment.

TDS has filed the instant Motion to Compel seeking to compel production of certain documents in Arch's possession that it alleges are central to its claims. TDS also asks the Court to order Arch to provide additional information about former Arch employee Julie Tucker's medical condition and to provide TDS with dates for her deposition. In addition, TDS has filed a Motion to Permit Depositions after the discovery deadline in this case.

Because the Court finds that oral argument is unnecessary in this case, Plaintiff's Request for Oral Argument (Dkt. No. 50) is **DENIED**. The Court makes the following rulings with regard to the discovery motions.

## II. Analysis

### A. Legal Standards

Federal Rule of Civil Procedure 26(b)(1) provides that "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." FED. R. CIV. P. 26(b)(1). The scope of discovery is broad. *Crosby v. La. Health Serv. & Indem. Co.*, 647 F.3d 258, 262 (5th Cir. 2011). "A discovery request is relevant when the request seeks admissible evidence or 'is reasonably calculated to lead to the discovery of admissible evidence.'" *Id.* (quoting *Wiwa v. Royal Dutch Petrol.* Co., 392 F.3d 812, 820 (5th Cir. 2004)).

When a party withholds information otherwise discoverable by claiming that the information is privileged, the party must: "(i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed – and do so in a manner

that, without revealing information itself privileged or protected, will enable other parties to assess the claim." FED. R. CIV. P. 26(b)(5)(A).

After a party has attempted in good faith to obtain discovery without court action, that party may move for an order compelling disclosure or discovery. FED. R. CIV. P. 37(a)(1). The party resisting discovery must show how each discovery request is not relevant or otherwise objectionable. *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990). "The Court must balance the need for discovery by the requesting party and the relevance of the discovery to the case against the harm, prejudice, or burden to the other party." *Cmedia, LLC v. LifeKey Healthcare, LLC*, 216 F.R.D. 387, 389 (N.D. Tex. 2003). "A trial court enjoys wide discretion in determining the scope and effect of discovery." *Sanders v. Shell Oil Co.*, 678 F.2d 614, 618 (5th Cir. 1982).

**B.      Plaintiff's Motion to Compel**

In its Motion to Compel, TDS seeks to compel (1) all claim notes and documents from Arch's document retention database relating to TDS's claims at issue in this lawsuit, and (2) all correspondence between Arch and Thompson Coe, a law firm retained by Arch in the underlying lawsuit. TDS also requests that the Court order Arch to provide additional information about former Arch employee Julie Tucker's medical condition, and offer dates for her deposition

**1.  Claim Notes**

TDS seeks the production of "documents in Arch's claim file, including its claim notes, communications relating to the claim, and claim documents maintained in its document retention system." Dkt. No. 41 at p. 3. As stated in its Response, Arch produced the requested documents on August 8, 2019, albeit in a redacted form. Dkt. No. 44 at p. 6. Arch also offered to produce

employee Christine Schneider for a second deposition if TDS had further questions regarding the claim notes or communications. *Id.* Thus, this discovery request is now moot.

Although TDS acknowledges that it has received the requested claim notes, TDS asks the Court to impose sanctions on Arch for the five-month delay in producing the claim notes. TDS asks the Court to order Arch to pay for its attorney's fees and expenses in bringing this motion and in re-deposing Ms. Schneider. TDS also asks that the Court order that any documents withheld or redacted on the basis of privilege be produced, contending that Arch waived the privilege by its delay in producing the documents.

Courts have the inherent power to sanction litigants for a wide range of abuses during litigation. *Orchestratehr, Inc. v. Trombetta*, 178 F. Supp. 3d 476, 494 (N.D. Tex. 2016) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44, 46 (1991)). But courts must exercise their inherent powers with restraint and discretion. *Chambers*, 501 U.S. at 44. "Courts have a duty to impose the least severe sanction that is sufficient to deter future conduct." *Orchestratehr, Inc.*, 178 F. Supp. 3d at 498 (citing *Mendoza v. Lynaugh*, 989 F.2d 191, 196 (5th Cir. 1993); Fed. R. Civ. P. 11(c)(4)). Moreover, "although Rule 37(b) applies to all failures to comply, whether willful or not, the presence or lack of good faith in the parties is relevant to the orders which should be given and the severity of the sanctions." *B. F. Goodrich Tire Co. v. Lyster*, 328 F.2d 411, 415 (5th Cir. 1964).

The Court declines to award TDS attorney's fees and costs for filing this Motion as it appears that TDS prematurely filed the Motion after Arch notified TDS that it would produce the claim notes. *See* Dkt. No. 44 at p. 6-7. The Court also declines TDS's request to find that Arch's delay in producing the claim notes waived any privilege. "[T]he failure to timely object on the basis of privilege does not result in an automatic waiver." *B&S Equip. Co. v. Truckla Servs., Inc.*, 2011 WL 2637289, at *5 (E.D. La. July 6, 2011). "Rather, a waiver of privilege is a serious sanction

reserved for cases of unjustified delay, inexcusable conduct, bad faith, or other flagrant violations."

*Id.* (quoting *Applied Sys., Inc. v. Northern Ins. Co. of New York*, 1997 WL 639235, at *2 (N.D. Ill. Oct. 7, 1997)). TDS has failed to demonstrate that such a severe sanction is appropriate in this case.

TDS also asks the court to order Arch to pay TDS's costs to re-depose Ms. Schneider as a sanction for Arch's delay in producing the claim notes, as well as substantive changes to her testimony made in the deposition errata sheet. The Court declines to impose this sanction because it appears that TDS no longer seeks a second deposition of Ms. Schneider; TDS's Motion to Permit Depositions After Discovery Deadline addresses only the depositions of the expert witnesses and Julie Tucker. *See* Dkt. No. 56. Accordingly, this issue appears to be moot.

Based on the foregoing, the Court **DENIES** TDS's request for sanctions in this case.

### 2. Attorney-Client Privileged Communications

TDS seeks the production of communications between Arch and Thompson Coe, a law firm retained by Arch. Arch has withheld e-mail communications between Arch and several Thompson Coe attorneys on the basis of attorney-client privilege. TDS claims that these communications are not privileged because Arch employee Christine Schneider testified in her deposition that Thompson Coe represented TDS, not Arch, and thus any communications between Thompson Coe and Arch are not privileged. However, on August 9, 2019, Ms. Schneider corrected her deposition testimony to state that Thompson Coe, as monitoring counsel appointed by Arch, was acting as Arch's counsel, not TDS's counsel. Dkt. No. 45 at p. 119. In addition, Arch has produced a privilege log detailing which documents are protected by attorney-client privilege. Dkt. No. 45 at p. 75-78.

As the United States Supreme Court has stated:

> The attorney-client privilege is the oldest of the privileges for confidential communications known to the common law. Its purpose is to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice. The privilege recognizes that sound legal advice or advocacy serves public ends and that such advice or advocacy depends upon the lawyer's being fully informed by the client.

*Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981). A party withholding information on the claim of privilege must "describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A)(ii). "[A]lthough Rule 26 'does not attempt to define for each case what information must be provided' . . . a privilege log's description of each document and its contents must provide sufficient information to permit courts and other parties to 'test[ ] the merits of' the privilege claim." *EEOC v. BDO USA, L.L.P.*, 876 F.3d 690, 697 (5th Cir. 2017) (quoting *United States v. El Paso Co.*, 682 F.2d 530, 541 (5th Cir. 1982)). Moreover, "[a] party asserting a privilege exemption from discovery bears the burden of demonstrating its applicability." *In re Santa Fe Int'l Corp.*, 272 F.3d 705, 710 (5th Cir. 2001).

The Court finds Arch has met its burden to demonstrate that the withheld communications between Thompson Coe and Arch are protected by attorney-client privilege. As noted, Arch has produced a privilege log which complies with Rule 26. In addition, Ms. Schneider corrected her deposition testimony to assert that Thompson Coe was acting as Arch's counsel in this case. Accordingly, the Court finds that the communications between Arch and Thompson Coe at issue are protected by attorney-client privilege and, therefore, TDS is not entitled to their discovery.

### 3. Julie Tucker

TDS also asks that the Court order Arch to provide additional information on the medical condition of Julie Tucker, a former claims adjuster in Arch's New Jersey office, and offer TDS potential dates for her deposition. Ms. Tucker stopped working for Arch in June 2018. TDS argues that she "is a central fact witness and the author of many of the communications that are at the heart of the parties' dispute as to whether Arch represented that it would assume TDS's defense of the Lawsuit." Dkt. No. 41 at p. 7.

On June 18, 2019, TDS noticed Ms. Tucker's deposition for July 25, 2019. Although Ms. Tucker was no longer an Arch employee, Arch contends that it reached out to Ms. Tucker and asked if she would appear for the deposition. During this process, Ms. Tucker informed Arch that she would not be available for the deposition because she had cancer and was undergoing cancer treatment. On June 27, 2019, Arch notified TDS that Ms. Tucker would not be available for the deposition due to her illness. TDS alleges that it then offered Arch multiple accommodations, including traveling to New Jersey for her deposition, scheduling her deposition during a break in her treatment, or extending the September 30, 2019 discovery deadline. TDS also requested additional information from Arch "including the type of cancer she had, more detailed information about the dates of her treatment, and the date she planned to return to work." Dkt. No. 41 at p. 8. TDS avers that Arch failed to respond to "TDS's offers of accommodation." *Id.* TDS now requests "that the Court order Arch to provide additional information on Ms. Tucker's medical condition and offer deposition dates." *Id.* The Court denies TDS's request.

As noted, Arch attempted to produce Ms. Tucker for the deposition despite the fact that she was no longer an Arch employee. TDS has failed to demonstrate that the type of cancer Ms. Tucker has or the specific details of her cancer treatment are relevant. As Arch contends, "[i]f TDS wishes

to force Ms. Tucker's deposition when Ms. Tucker is undergoing treatment, that is TDS's choice, but not Arch's obligation." Dkt. No. 44 at p. 6. Accordingly, if TDS would like to take the deposition of Ms. Tucker, it can subpoena her under Federal Rule of Civil Procedure 45.

Based on the foregoing, Plaintiff's Opposed Motion to Compel (Dkt. No. 41) is **DENIED** in its entirety.

## C.     Plaintiff's Motion to Permit Depositions

Pursuant to the Scheduling Order in this case, "[t]he parties shall complete all discovery on or before September 30, 2019." Dkt. No. 19 at ¶ 7. That Scheduling Order also provides that "[b]y filing an agreed motion, the parties may request that this Court extend any deadline set in this Order, with the exception of the dispositive motions deadline and the trial date." *Id.* at ¶ 10.

Although the parties have not reached an agreement on extending the discovery deadline in this case, TDS asks that the Court extend the deadline to depose Ms. Tucker and expert witnesses Neil Rambin, Patrick Keel, Jim Cooper, and Harriet O'Neill. TDS contends that the parties were not able to schedule the expert depositions before the discovery deadline due to the schedules of the experts and counsel. The parties have agreed to deposition dates and noticed the depositions of the four expert witnesses in October 2019. In its Response, Arch states that it does not oppose taking the four expert depositions as scheduled, but also proposes extending the discovery deadline to October 31, 2019 for all purposes. *See* Dkt. No. 57.

Plaintiff's Motion to Permit Depositions After Discovery Deadline (Dkt. No. 56) is **GRANTED IN PART AND DENIED IN PART**. Because the parties have already agreed to the depositions of the four expert witnesses, the Court **HEREBY GRANTS** the Motion with regard to extending the discovery deadline to allow the parties to depose those four expert witnesses. The Court **DENIES** the Motion with regard to extending the deadline in order to depose Ms. Tucker.

As noted above, TDS was notified on June 27, 2019 that Ms. Tucker would be unavailable for deposition. Instead of subpoenaing Ms. Tucker during the past three months, TDS waited until ten days before the discovery deadline to request an extension of time to depose her. Accordingly, TDS has failed to present good cause to extend the discovery deadline to depose Ms. Tucker.

Except as detailed in the preceding paragraph, all pending deadlines set out in the Scheduling Order remain unchanged.

**SIGNED** on September 27, 2019.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE